IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN CLARK and ROBERT "BO" EMERY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 09-CV-0949-MJR ) |
| ROBERT L. BUTLER, STEPHEN R. GREEN and GAIL WEST, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### I. Introduction and Factual Background

Presently before the Court are two motions to dismiss (Docs. 10, 26). Defendants Robert Butler and Gail West filed the first Motion; the second Motion was filed by the remaining Defendant, Stephen Green.[1] The Court will rule on both of these Motions in the present Order because, although the arguments differ, they rest on the same factual basis, set forth in Plaintiffs' one-count complaint. Plaintiffs oppose the motions, arguing that their claims are timely and adequately plead under 42 U.S.C. § 1983. The Court, upon careful consideration of the facts and arguments presented by the parties, **HEREBY DENIES** Defendants' motions to dismiss.

Plaintiffs identify themselves as "long standing critics of the politics and policies of Mayor Butler" (Doc. 2). They claim that they have "publically spoken out many times regarding what

---

[1]Butler (Mayor of Marion, Illinois), Green (Marion's City Attorney) and West (Marion's City Administrator) are sued in their individual capacities and, for the limited purpose of seeking equitable relief, in their official capacities as well.

they perceived as improper conduct on the part of Mayor Butler and his administration." *Id*.

Plaintiffs filed this action asserting that, in response to their speaking out against Mayor Butler and his administration, Defendants have collectively retaliated against them in violation of their First Amendment rights by (1) causing myspace.com to remove the website they had created; (2) notifying them that they were no longer allowed at City Hall or any other property owned by the City and that they were to have no communication with City employees; and (3) notifying them that any requests made under the Illinois Freedom of Information Act had to be made directly to Green and paid for at a copying rate four times the normal charge. Plaintiffs contend that they were thereby subjected to loss of liberties and that they suffered emotional anguish and distress, humiliation, inconvenience, damage to reputation, lost business opportunities and loss of the enjoyment of life.

## II. Applicable Legal Standards

Defendants filed these motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] A 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. **Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7, 570 F.3d 811 (7th Cir. 2009).** Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." **Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); EEOC v. Concentra Health Services, Inc., 496 F.3d** 773, 776 (7th Cir. 2007).

In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. **Rujawitz v. Martin, 561 F.3d 685, 688 (7th Cir. 2009); Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP, 475**

---

[2]Although Butler and West recite that their motion as brought under "Rule 12(b)," it is clear from the substance of the motion that it is brought pursuant to Rule 12(b)(6).

**F.3d 824, 833 (7th Cir.)**, *cert. denied*, **128 S. Ct. 357 (2007)**; *Marshall v. Knight,* **445 F.3d 965, 969 (7th Cir. 2006).**

In *Tamayo v. Blagojevich*, **526 F.3d 1074, 1083 (7th Cir. 2008)**, the Seventh Circuit emphasized that even though ***Bell Atlantic*** "retooled federal pleading standards" and "retired the oft-quoted *Conley* formulation," notice pleading is still all that is required.

"A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id. Accord Pugh v. Tribune Co.*, **521 F.3d 686, 699 (7th Cir. 2008)("surviving a Rule 12(b)(6) motion requires more than labels and conclusions"; the allegations "must be enough to raise a right to relief above the speculative level").**

### III. <u>Analysis</u>

Plaintiffs assert a claim arising under 42 U.S.C. § 1983 for alleged violations of their rights under the First Amendment. Specifically, they claim that Mayor Butler, City Attorney Green and City Administrator West retaliated against them because they were persistent critics of Mayor Butler and his administration.

The First Amendment provides that "Congress shall make no law ... abridging the freedom of speech." **U.S. Const. Amend. I**. The First Amendment protects not only the affirmative right to speak, but also the 'right to be free from retaliation by a public official for the exercise of that right.'" *Bondar v. D'Amato* **2007 WL 1700114, \*7 (E.D.Wis. 2007),** *quoting Suarez Corp. Indus. v. McGraw*, **202 F.3d 676, 685 (4th Cir. 2000),** *citing ACLU v. Wicomico County, Md.*, **999 F.2d 780, 785 (4th Cir.1993) ("Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of**

**constitutional rights."); and *Pickering v. Board of Educ*., 391 U.S. 563, 574 (1968) (noting that retaliatory acts are "a potent means of inhibiting speech")**. Denying a governmental benefit on a basis that infringes on freedom of speech in effect penalizes and inhibits the exercise of that freedom, and "such interference with constitutional rights is impermissible." ***Perry v. Sindermann*, 408 U.S. 593, 597 (1972)**, *citing **Speiser v. Randall*, 357 U.S. 513, 526 (1958)**. A claim that governmental actors retaliated against plaintiffs for exercising their First Amendment right to freedom of speech is actionable under § 1983. ***Libbra v. City of Litchfield, Ill.*  893 F.Supp. 1370, 1376 (C.D.Ill. 1995),** *citing **Smart v. Board of Trustees of Univ. of Illinois*, 34 F.3d 432, 434 (7th Cir.1994) ("Any form of official retaliation for exercising  one's freedom of speech is actionable as an infringement of that freedom.");  *Rakovich v. Wade*, 850 F.2d 1180, 1211 (7th Cir. 1988)**.

"However, not every action made in response to an individual's exercise of his First Amendment right to free speech is actionable retaliation." ***Suarez*, 202 F.3d at 685,** *citing **DiMeglio v. Haines*, 45 F.3d 790, 806 (4th Cir. 1995)**. "To prevail on a First Amendment retaliation claim, [a plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." ***Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009),** *citing  **Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)**, *quoting **Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)**.

### A.  Butler's and West's Motion

Butler and West assert that Plaintiffs' complaint must be dismissed because it was filed after the one-year limitations period for a § 1983 claim asserting a First Amendment violation,

consistent with § 8-101 of the Local Governmental and Governmental Employees Tort Immunity Act.³ Plaintiffs respond that in Illinois, claims brought under § 1983 are governed by Illinois's general two-year statute of limitation on personal injury rather than the one-year statute of limitations found in the Tort Immunity Act.

Plaintiffs are correct: their § 1983 claims are not subject to the one-year statute of limitations. Because § 1983 does not have an express statute of limitations, federal courts borrow from the forum state. ***Johnson v. Rivera,* 272 F.3d 519, 521 (7th Cir. 2001),** *citing Wilson v. Garcia*, **471 U.S. 261, 276 (1985);** *Ashafa v. City of Chicago*, **146 F.3d 459, 461 (7th Cir. 1998)**. In Illinois, § 1983 claims are governed by the two-year statute of limitations applicable to personal injury actions. ***Cunningham v. Village of Sauget, Ill*., WL 2410109, \*6-7  (S.D.Ill. 2007),** *citing* **735 Ill. Comp. Stat. 5/13-202;** *Weiss v. Village of Downers Grove*, **225 Ill.App.3d 466, 469-70, 588 N.E.2d 435, 437 (Ill.App.Ct. 1992) (concluding that the special limitations provision in the Illinois Tort Immunity Act shall *not* be applicable to § 1983 claims, as it would be "contrary to the Supreme Court's holding that the applicable statute of limitations for a [§ 1983] action is the general personal injury limitations period") (emphasis added) (additional citations omitted)**. Applying this two-year limitations period to Plaintiffs' § 1983 claims renders them timely filed.

Butler and West next contend that Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6) because (1) Plaintiffs' website was removed by a third party and not by Defendants; and

---

³Although the Court will address Butler's and West's contentions, it cannot but note that these contentions are conclusory and are devoid of any reference to statute or case law (except for the Tort Immunity Act, about which they are simply wrong - as a quick perusal of case law would have shown).  As such, the motion is not up to the standard which the undersigned Judge expects of such motions and essentially represents a waste of judicial resources.  *See* SDIL-LR 7.1(c), (d) (requiring that motions to dismiss be supported by a brief containing citations to relevant legal authority).

(2) their claims are related to future harm and, thus, not ripe for adjudication.  Butler and West provide no authority supporting either contention.

"Since there is no justification for harassing people for exercising their constitutional rights, the effect of [Defendants'] conduct on freedom of speech need not be great in order to be actionable."  ***Bennett v. Village of Oak Park*, 748 F.Supp. 1329, 1333 (N.D.Ill. 1990),** *citing Bart v. Telford*, **677 F.2d 622, 625 (7th Cir. 1982)**.  It is well established that a threat of specific future harm creates an unconstitutional chilling effect upon the exercise of one's First Amendment rights.  ***Laird v. Tatum*, 408 U.S. 1 (1972)**.  Stated simply, if Butler's and West's alleged acts, including seeking to have the website taken down, were done in retaliation for statements protected by the First Amendment, they would constitute deprivations of Plaintiffs' constitutional rights.  ***Id., citing Rakovich v. Wade*, 850 F.2d 1180, 1189 (7th Cir. 1988)**.

As a result of the foregoing, Butler's and West's motion to dismiss must be denied.

**B.      Green's motion**

Green asserts that Plaintiffs' complaint must be dismissed because it is factually deficient of any allegations that would state a cause of action against him and, accordingly, fails to state a claim under ***Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009)**.  Plaintiffs respond that they have alleged that Defendants collectively acted, in the three retaliatory actions set forth above, to violate their First Amendment right to freedom of speech.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." ***Twombly*, 590 U.S. 544, 570**.  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)**.  Although the Court is obligated to accept factual allegations as

true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  ***Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at \*5 (7th Cir. Aug. 20, 2009)**.  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

The Court considers this to be a close call, chiefly because rather than making specific claims against Green, Plaintiffs allege that Defendants "collectively retaliated" against them for speaking out against "Mayor Butler and his administration."  However, it is early days for this case, with the discovery deadline nearly five months hence, and Plaintiffs are entitled to pursue discovery to develop information regarding the role Green may have played in the alleged retaliation.  The three acts of retaliation alleged by Plaintiffs provide sufficient notice of their claim against Green and are neither sketchy nor implausible.  In consequence, the Court finds that Plaintiffs have stated a claim against Green.

### IV.  Conclusion

For the above-stated reasons, the Court **DENIES** Butler's and West's motion to dismiss (Doc. 10) and **DENIES** Green's motion to dismiss (Doc. 26).

**IT IS SO ORDERED.**

**DATED this 24th day of March, 2010**

<u>**s/Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**